[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter was originally commenced as a Small Claims CT Page 7642 action, but, upon motion of the defendant, was transferred to the regular docket of the Superior Court.
The plaintiff, Vincent A. Neri, is claiming unpaid wages due him from the defendant, Neri Brothers Construction Corp., and is seeking relief pursuant to General Statute Section 31-72.
Section 31-72, in pertinent part, reads as follows, "[w]hen any employer fails to pay an employee wages in accordance with the provisions of sections 31-71a to 31-71i
inclusive . . . such employee . . may recover, in a civil action, twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court. . ."
In response to the plaintiff's complaint, dated February 2, 1993, the defendant, on June 17, 1993, filed its answer, special defense, set-offs and counterclaims.
In its special defense, the defendant alleges that the plaintiff was not employed by the defendant during the week claimed and that the plaintiff accepted vacation pay submitted to him in error.
By way of set-off, if any debt is found due the plaintiff, the defendant claims debts due it from the plaintiff include: (a) vacation pay in the amount of $600.00 paid to the plaintiff in error; (b) expenditures for mechanical parts in the amount of $335.95; (c) the value of tools in the amount of $2,043.72, improperly retained by the plaintiff, and (d) the value of a John Deere tractor unlawfully retained by the plaintiff for a year. The defendant, essentially, repeats these allegations by way of counterclaims.
After a full trial to the court, all parties present and represented by counsel, the court finds, determines and rules as follows, based on a preponderance of the credible, relevant and legally admissible evidence.
Prior to March 8, 1992, the plaintiff, Vincent a.[A.] Neri, was employed by the defendant.
The defendant, Neri Bros. Construction Corp., is a CT Page 7643 Connecticut Corporation with its principal place of business at 35 Lumberyard Road, Clinton, Connecticut.
The plaintiff was a project supervisor, employed by the defendant, during the week ending March 8, 1992. The defendant has failed to pay the plaintiff his wages earned during the week ending March 8, 1992. There remains unpaid wages due the plaintiff, in the amount of $471.83. On November 23, 1992, the plaintiff made formal demand upon the defendant for said sum. Despite such demand, there still remains unpaid wages in the amount of $471.83, due the plaintiff from the defendant in violation of General Statute Section 31-71b. Judgment should enter for the plaintiff on his complaint for double damages, interest and attorney's fees in accordance with General Statute Section 31-72.
The defendant has failed to prove to the court by credible, relevant evidence that the plaintiff was not employed by the defendant during the week ending March 8, 1992 and that the plaintiff was paid $600.00 vacation pay in error.
The plaintiff's father was the executive officer running the defendants' business at all times pertinent hereto. As such officer, the plaintiff's father approved all payments to the plaintiff. The defendant quarrel is with the plaintiff's father, Carl A. Neri.
Further, the court finds that the defendant has failed to prove by a preponderance of the credible, relevant and legally admissible evidence that the plaintiff is indebted to the defendant as alleged in paragraphs 1, 3, 4, and 5 in its claim of set-off.
And, the court finds that the defendant has failed to prove by a preponderance of the credible, relevant and legally admissible evidence its first, second, fourth and fifth counterclaims.
At commencement of trial the defendant withdrew its second set-off and third counterclaim.
Accordingly, and pursuant to General Statute Section31-72, judgment is hereby entered for the plaintiff, Vincent A. Neri, on his complaint, to recover of the defendant, Neri CT Page 7644 Bros. Construction Corp., double damages in the amount of $943.66, with legal interest to date of judgment, reasonable attorney's fees in the amount of $2,500.00 and court costs.
Further, judgment is hereby entered for the plaintiff, Vincent a. Neri on the defendant's Neri Bros. Construction Corp., set-offs and counterclaims.
SPALLONE STATE TRIAL REFEREE
Judgment entered in accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk